**Law Offices of**
**Joseph F. McGowan, Jr.**
**1913 Greentree Road**
**Cherry Hill, NJ 08003**
**Attorney for Plaintiffs**
**Attorney I.D. Number:  44126**

| | |
|---|---|
| **LORRAINE CUSTODIO and JOSEPH CUSTODIO, wife and husband**<br>**25 Eagle Road**<br>**Turnersville, New Jersey**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**DANIEL FRIEND, a/k/a FREND,**<br>**7 Continental Court**<br>**Boothwyn, Pennsylvania 19061**<br><br>**Defendants.** | UNITED STATES DISTRICT COURT<br><br>EASTERN DISTRICT - PENNSYLVANIA<br><br><br>CIVIL ACTION<br><br>DOCKET #: _____<br><br>COMPLAINT<br>AND JURY DEMAND |

Plaintiffs, Lorraine Custodio and Joseph Custodio, residing as above captioned, by and through their attorney, Joseph F. McGowan, Jr., complaining of the defendants state as follows:

### COUNT I

1. Plaintiffs are individuals residing as above-captioned.

2. Defendant, Daniel Friend, a/k/a Frend, is an individual residing as above captioned.

3. On or about August 23, 2003 at approximately 10:30 p.m., Lorraine Custodio, plaintiff, was lawfully upon the premises of the defendant, as an invitee.

4. On the date and time aforesaid plaintiff sustained serious and permanent injuries when she was caused to fall and otherwise defective and/or dangerous condition upon the rear deck staircase of the defendant=s premises.

5. Such dangerous condition was caused as a result of the negligence, carelessness and/or recklessness of the defendants as more particularly set forth below.

**1**

6. At the time of the fall, the dangerous condition had been caused by and otherwise permitted upon the grounds of the defendants premises which impaired and/or hindered the safe path of regular exit way when she descended the stairs on the rear deck and fell due to the lower step of the deck being hidden and not well illuminated.

7. The negligence , carelessness and/or recklessness of defendant includes, but is not limited to:

   a. Failing to provide safe conditions

   b. Failure to provide significant lighting

   c. Causing and/or creating a dangerous condition and/or circumstances by not providing adequate lighting and/or dismissing to the safety and well being such that visibility on the stair case lower step was hidden.

   d. Failing to keep areas used by invitee=s reasonably safe, free from dangerous conditions and failing to warn of their presence.

   e. Causing and/or permitting the presence of a dangerous condition in and about the deck stair case.

   f. Failing to give adequate warnings or the condition.

   g. Permitting an unreasonably dangerous condition to remain upon private property.

8. As a result of the foregoing accident, plaintiff was caused to suffer a severe fracture to her left shoulder with a which required plaintiff to undergo pain surgery revealing glenohumeral joint did reveal fraying and tearing of the superior labrum, as well as the posterior labrum, the superior labrum and biceps anchor, there was noted to be a SLAP lesion and that the biceps anchor and labrum peeled off the superior glenoid. As well as, a lateral meniscal tear of the right knee which required plaintiff to undergo painful surgery and rehabilitation. In addition, plaintiff sustained severe shock to nerves and nervous system with humiliation and

emotional pain and suffering.

9. As a result of the above injuries, plaintiff was required to undergo emergency medical care, injections, several surgeries and thereafter being subject to a long and painful recovery and rehabilitation period, all at great expense of time and monies and for which she may be required, in the future, to undergo further care and treatment, and incur further expense.

10. In addition to the foregoing, plaintiff has incurred medical bills for which coverage or benefits was exhausted and therefore remain the financial responsibility of plaintiff and which, further, are or may be subject to lien and/or subrogation rights of the plan or coverage by which payment of medical bills has been made.

11. As a further result of the accident, injuries and residuals therefrom, plaintiff has sustained, and will continue for an indefinite time into the future, loss and/or impairment of his earnings and earnings capacity.

12. The injuries and residuals therefrom have hindered, impaired and prevented plaintiffs= enjoyment of life and/or livelihood as enjoyed prior to the accident.  Plaintiff has been and will for an indefinite period of time into the future be prohibited from pursuing life's pleasures and joys and will, forever, be subject to pain and limitation of movement of his neck and back.

WHEREFORE, Plaintiff, Lorraine Custodio, demands judgment against defendant, Daniel Friend, a/k/a Frend, for damages in an amount in excess of One hundred thousand ($100,000.00)) Dollars, plus costs, attorney's fees and interest.

## COUNT TWO

13. Plaintiff, Joseph Custodio, is, and at all times material hereto was, the husband of plaintiff,

    Lorraine Custodio

14. For sake of brevity, plaintiff, Joseph Custodio, incorporates by reference paragraphs 1 through 12 above as if fully set forth at length.

15. As a result of the aforesaid negligence, carelessness and recklessness of the defendants, plaintiff has been denied, hindered and impaired from the love, affection, companionship, care, comfort and consortium of her husband. Plaintiff has, further, suffered the loss of benefit of earnings and earnings capacity of his wife and in combination has, and will for an indefinite time into the future, suffer the loss of enjoyment of life=s joys and pleasures as well as the full care, affection and comfort of his wife.

Wherefore, plaintiff, Joseph Custodio, demands judgment against defendant, Daniel Friend, a/k/a Frend, for damages in an amount in excess of One hundred thousand ($100,000.00)) Dollars, plus costs, attorney's fees and interest.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

August 15, 2005

                                                Joseph F. McGowan, Jr.
                                                Attorney for Plaintiffs